**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
-------------------------------------------------------------X
```
KRISHNA GHODIWALA,                          :
1205 Half Street SE, Apt. 731               :
Washington, DC 20003                        :          Case No.
                                            :
                          Plaintiff,        :
                                            :
              - against -                   :
                                            :
WILLIAM PIERCE,                             :
                                            :
                          Defendant.        :
```
-------------------------------------------------------------X
```

## <u>COMPLAINT WITH JURY DEMAND</u>

Plaintiff Krishna Ghodiwala ("Plaintiff" or "Ms. Ghodiwala"), through undersigned counsel, complains and moves for judgment against the Defendant William Pierce ("Defendant" or "Mr. Pierce"), and respectfully alleges as follows:

1.      This case involves a wide-ranging, months-long fraudulent scheme by Mr. Pierce, a former part-owner of Text Surge, Inc., to defraud Ms. Ghodiwala by siphoning money out of the company that he and Ms. Ghodiwala jointly owned by, among other things, falsifying Ms. Ghodiwala's signature on loan documents to receive money quickly and not pay back the lenders, improperly transferring money from the Text Surge business account directly to Mr. Pierce's personal accounts or the accounts of his personally owned businesses, and personally stealing from Text Surge's customers and clients.  In addition, Mr. Pierce tried to hide all of the above and more by creating fake emails, bank statements, and other documents, and refusing Ms. Ghodiwala access to the Text Surge financials, in the desperate hope that Ms. Ghodiwala and other employees of the company would not notice his deception.

2.     Mr. Pierce's actions severely damaged Ms. Ghodiwala, by any amount currently estimated to be no less than $500,000.

## THE PARTIES

3.     Plaintiff Krishna Ghodiwala is an adult individual residing in Washington, D.C.

4.     Defendant William Pierce ("Mr. Pierce") is an adult individual and, upon information and belief, currently resides in Forth Worth, Texas.  Upon information and belief, Mr. Pierce currently works as an Account Executive at Planswell.

## VENUE AND JURISDICTION

5.     The amount in controversy in this matter exceeds $75,000 exclusive of interests and costs, and this action is between citizens of different states.  Accordingly, this Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1332(a)(1).

6.     A substantial part of the events or omissions giving rise to the claims set forth herein occurred in this district, including the primary office location for the business that Mr. Pierce and Ms. Ghodiwala owned in equal shares, and the primary location of Mr. Pierce's improper and fraudulent actions that caused significant damage to Ms. Ghodiwala.  In addition, during the relevant time period of the events alleged below, Mr. Pierce and Ms. Ghodiwala were both residents of the district.  Accordingly, this Court is the proper venue for this action pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL BACKGROUND

7.     Ms. Ghodiwala formed the company Text Surge Inc. ("Text Surge") with defendant William Pierce in February 2020.  They were both Co-Chief Executive Officers of the company. Text Surge's primary office was located at 1201 Connecticut Ave NW, Suite 600, Washington, DC 20036.  Text Surge's main business purpose was providing texting services to political clients.

8.    Text Surge was very successful and profitable in 2020 and early 2021.  Mr. Pierce, in his separate role of Chief Financial Officer, was primarily responsible for the financial and banking aspects of Text Surge and had sole access to Text Surge's bank accounts and other financial logins.  While Ms. Ghodiwala and Mr. Pierce had agreed to confer on any significant expenses for the company, Mr. Pierce had sole access to the bank accounts and other financial logins, such as their payment processor and payroll

9.    In or around mid-February 2022, Ms. Ghodiwala became concerned about Mr. Pierce's behavior, including Mr. Pierce's requests that Ms. Ghodiwala make further capital contributions into Text Surge, and his request to quickly take a step back from Text Surge without any warning.   At that time, Ms. Ghodiwala began her own investigation into Text Surge's financials and Mr. Pierce's actions in his capacity as Chief Financial Officer (the "February 2022 Investigation").

10.    Through this investigation, which lasted from approximately February 14, 2022 through March 3, 2022, Ms. Ghodiwala learned that Mr. Pierce had engaged in a broad-ranging scheme to funnel money out of Text Surge for his own benefit, and defrauding and stealing directly from his business partner, Ms. Ghodiwala.  Ms. Ghodiwala resigned from Text Surge due to Mr. Pierce's actions on March 4, 2022.

11.    The following represents only a handful of examples of Mr. Pierce's fraudulent activity, and each were discovered no earlier than February 2022 after Ms. Ghodiwala's investigation.

**MCA Loans with Forged Signatures**

12.     During the February 2022 Investigation, Ms. Ghodiwala learned that Mr. Pierce forged Ms. Ghodiwala's signature on several Merchant Credit Advance agreements ("MCA Agreements").

13.     Upon discovering the MCA Agreements, she contacted a merchant counterparty, who provided her with four MCA Agreements and amendments purportedly bearing her e-signature.

14.     Ms. Ghodiwala reviewed the MCA Agreements and discovered Mr. Pierce had created a fake email address to forge her e-signature.  Mr. Pierce had provided to the merchant counterparty an outdated address and unrecognized phone number, presumably so Ms. Ghodiwala would never know about fraudulent MCA Agreements.  The MCA Agreements included personal guarantees purportedly from Ms. Ghodiwala, which are also forgeries.

15.     Ms. Ghodiwala also discovered other MCA Agreements with other merchant counterparties.

16.     MCA Agreements are notoriously expensive with significant penalties for failure to pay.

17.     After illegally entered into the MCA Agreements, Mr. Pierce took the money from the MCA merchant counterparties and failed to pay them back, pocketing the money for himself. At this time, it is estimated that Mr. Pierce pocketed approximately $116,000 due to these forged MCA Agreements.

18.     Ms. Ghodiwala was eventually sued by multiple MCA lenders because of Mr. Pierce's actions.  Ms. Ghodiwala had to expend significant money to defend herself in those actions, including through paying legal fees, expenses, and costs.

## Intentionally Dishonest Financial Management

19.     Ms. Ghodiwala's February 2022 Investigation found that Mr. Pierce was engaging in dishonest financial management, which Ms. Ghodiwala was not previously aware of, to the detriment of Text Surge and to Ms. Ghodiwala herself.

20.     Mr. Pierce routinely withdrew funds from the Text Surge business bank accounts without consulting Ms. Ghodiwala and deposited these funds in his personal account, depositing these funds in the account of one of his personal businesses, or transferring the funds directly to someone with whom he had a personal or intimate relationship.

21.     The money was not in exchange for any work or services performed.  Mr. Pierce used the money for his own personal gain.

22.     Mr. Pierce created a fake 1099 contractor form for himself and made payments from Text Surge's business accounts to his personal account for at least $36,700.

23.     Mr. Pierce created an additional fake 1099 contractor form for his personal LLC in the amount of $18,000.

24.     Mr. Pierce did this while telling Ms. Ghodiwala that he was not taking a salary from Text Surge, as both Ms. Ghodiwala and Mr. Pierce had agreed forgo salaries for the sake of Text Surge's financial health in late 2021 and early 2022.

25.     Ms. Ghodiwala paid approximately $109,600 of her own funds into Text Surge as capital contributions, per the terms of another agreement with Mr. Pierce.  As part of that agreement, Mr. Pierce agreed that he would pay the same amount.  Upon information and belief, Mr. Pierce did not make any such contributions.

**Creating Fraudulent Invoices to Charge Client Credit Cards**

26.     Mr. Pierce also created fake invoices for multiple Text Surge customers and charged their credit card on file, in hopes that customers would not notice.

27.     When confronted in mid-February 2022 about the charges to certain customers, Mr. Pierce insisted that this was an automation error; however, Ms. Ghodiwala found written evidence from Stripe, the payment processor, that the invoices were created manually by Mr. Pierce using his own business email address.

28.     Mr. Pierce tried to hide his fraudulent actions by producing an email from a bank claiming the funds bounced back from a bank account that has since been closed.  However, Ms. Ghodiwala has evidence that the bank email was a fake and that Mr. Pierce created a fake email to hide the fact that he was personally stealing from Text Surge's customers.

29.     Mr. Pierce also blamed the payment processor for issues with other customers, including claiming that "Stripe added an extra 0" to an invoice.  Upon information and belief, this statement was a blatant lie.

30.     In addition, Mr. Pierce told Ms. Ghodiwala in response to some customer complaints that he provided refunds to certain customers.  During her February 2022 Investigation, Ms. Ghodiwala found that he had no issued any such refunds.

31.     Mr. Pierce's actions damaged Ms. Ghodiwala's professional relationship with multiple clients and vendors.  In addition, Ms. Ghodiwala, after her resignation from Text Surge, made significant payments and incurred significant legal fees and costs in order to resolve the payment discrepancies from the clients and vendors.

### Other Fraudulent, Improper, and Unprofessional Conduct

32.     Mr. Pierce repeatedly changed payroll administrators and payment systems in order to hide the above-stated conduct, but also failed to pay these providers.

33.     Some administrators refused to issue W-2 forms for employees, including Ms. Ghodiwala, due to lack of payment.

34.     In addition to Ms. Ghodiwala having to make payments to some of the administrators in order to receive her tax forms, she also had to incur significant costs in order to deal with fines and unpaid amounts from the IRS.  These amounts were entirely due to Mr. Pierce's improper actions as CFO of Text Surge.

35.     Mr. Pierce also made hiring decisions without consulting Ms. Ghodiwala, which led to payments being made to employees or other agencies that were unapproved and caused the company to lose money.

36.     Mr. Pierce also hired a romantic partner of his without consulting Ms. Ghodiwala and made payments to her from Text Surge's business account, including wire payments.

37.     Upon information and belief, Mr. Pierce created at least one fake non-profit for purposes of personal gain, which included sending out unauthorized text messages requesting donations and using Text Surge services and supplies as part of his scheme.

38.     On February 23, 2022, RevUp Capital, an investor in Text Surge, sent a letter to Mr. Pierce noting multiple breaches of the Participant Agreement because of his MCA Fraud.

39.     On March 4, 2022, Ms. Ghodiwala resigned from Text Surge, and sent a letter to legal counsel for Text Surge and Mr. Pierce providing a clear explanation for her resignation, which includes listing off many of the acts of illegal conduct she had uncovered at that time, and are listed above.

40.     In March 2022, Ms. Ghodiwala, through counsel, contacted the FBI about Mr. Pierce's actions, including regarding the allegations stated above.

41.     On or around July 29, 2022, Ms. Ghodiwala sent a memorandum and supporting documents to an agent of the FBI detailing Mr. Pierce's fraudulent actions. Upon information and belief, the FBI chose not to proceed with an investigation, which has caused Ms. Ghodiwala to file this action.

## Count I: Fraud

42.     Ms. Ghodiwala incorporates by reference all of the allegations contained in Paragraph Nos. "1" through "41" as if fully rewritten here.

43.     Mr. Pierce intended to deceive Ms. Ghodiwala, including by falsifying Ms. Ghodiwala's signature on loan documents, creating false invoices, 1099 agreements, bank statements, and emails, and regularly changing payroll administrations and third-party payment processers in order to deceive Ms. Ghodiwala.

44.     By doing so, Mr. Pierce intended to deceive Ms. Ghodiwala into believing their jointly owned corporation was financially stressed due to low profits and low revenue, but in actuality, Mr. Pierce was stealing money directly from the corporation and Ms. Ghodiwala.

45.     Mr. Pierce knew that his actions were false.

46.     Ms. Ghodiwala relied on Mr. Pierce's actions by, among other things, making corporate contributions to the company initially and later having to make payments to vendors and clients because they lost money due to Mr. Pierce stealing their money and incur significant expenditures to rectify these issues.

47.     Mr. Pierce knowingly, and with intent, committed fraud against Ms. Ghodiwala.

48.     As a direct and proximate result of Defendant Mr. Pierce's fraud, Plaintiff has suffered damages in the amount of at least $500,000, plus pre- and post-judgment interest, attorneys' fees, the costs of this suit, and any additional relief that this Court may deem just and appropriate, to the extent permitted by law.

49.     The above acts of Defendant Mr. Pierce were not mere fraud—they were egregious and willful.  Mr. Pierce's fraudulent conduct demonstrated recklessness and a willful disregard for the rights of Ms. Ghodiwala.

50.     Because Mr. Pierce's fraudulent behavior was aggravated by egregious conduct, Plaintiff is entitled to an award of punitive damages of no less than $1,000,000 to compensate the Plaintiff and deter Defendant and the public from similar future conduct.

## Count II: Breach of Contract

51.     Ms. Ghodiwala incorporates by reference all of the allegations contained in Paragraph Nos. "1" through "50" as if fully rewritten here.

52.     From the beginning of the business in February 2020 through Ms. Ghodiwala's resignation in March 2022, Mr. Pierce and Ms. Ghodiwala entered into multiple agreements, which included an agreement to decline taking salaries and an agreement to make capital contributions when Text Surge was supposedly having financial issues.

53.     The agreements are valid, binding, and enforceable contracts between Mr. Pierce and Ms. Ghodiwala.

54.     Ms. Ghodiwala performed her required duties in the agreements by, among other things, declining to take a salary and making the agreed-upon capital contributions.

55.     Mr. Pierce was bound to abide by these agreements.

56.     Mr. Pierce breached the agreements by, among other things, failing to make the capital contributions and, instead, taking money out of the company for his personal use.

57.     Ms. Ghodiwala was damaged by Mr. Pierce's breaches.

58.     As a direct and proximate result of Defendant Mr. Pierce's breach of contract, Plaintiff has suffered damages in the amount of at least $200,000, plus pre- and post-judgment interest, the costs of this suit, and any additional relief that this Court may deem just and appropriate, to the extent permitted by law.

### Count III: Negligence

59.     Ms. Ghodiwala incorporates by reference all of the allegations contained in Paragraph Nos. "1" through "58" as if fully rewritten here.

60.     In his roles as Co-Chief Executive Officer and Chief Financial Officer of Text Surge, Mr. Pierce owed a duty of care to Ms. Ghodiwala, as his business partner, and fellow shareholder and officer, separate and apart from any contractual relationships between Ms. Ghodiwala and himself.

61.     Mr. Pierce breached this duty of care by, among other things, falsifying Ms. Ghodiwala's signature on loan documents and pocketing the money, improperly siphoning off money from the business account by transferring money directly to himself, and stealing money from clients and keeping the money for himself.

62.     Ms. Ghodiwala was damaged directly by Mr. Pierce's actions and through the fault of no one else.

63.     As a direct and proximate result of Defendant Mr. Pierce's negligent actions, Plaintiff has suffered damages in the amount of at least $500,000, plus pre- and post-judgment

interest, the costs of this suit, and any additional relief that this Court may deem just and appropriate, to the extent permitted by law.

## Count IV: Conversion

64.    Ms. Ghodiwala incorporates by reference all of the allegations contained in Paragraph Nos. "1" through "63" as if fully rewritten here.

65.    Defendant Mr. Pierce, as the Chief Financial Officer of Text Surge, had the control over the money in the Text Surge business accounts, which belonged, at least in part, to Ms. Ghodiwala.

66.    Despite having knowledge that the business bank accounts were for purposes of Text Surge and that Ms. Ghodiwala, as fifty percent owner of Text Surge, was entitled to her share of the profits and that she would share in any losses, wrongfully converted significant money by withdrawing funds from Text Surge's bank account and using the proceeds for his own use and benefit.

67.    In withdrawing the money, Mr. Pierce engaged in an unlawful exercise of Ms. Ghodiwala's personal funds, and denied her the right to access these funds.

68.    Despite demand by Plaintiff, Defendant Mr. Pierce refused to return to Text Surge or Ms. Ghodiwala the amount of money that was converted from the bank account.

69.    Defendant Mr. Pierce performed the actions willfully, maliciously, and in reckless disregard for Ms. Ghodiwala's rights, all to the substantial and intentional detriment of Ms. Ghodiwala.

70.    As a direct and proximate result of Defendant Mr. Pierce's conversion, Ms. Ghodiwala has suffered damages in the amount of at least $300,000, plus pre- and post-judgment

interest, the costs of this suit, attorneys' fees, and any additional relief that this Court may deem just and appropriate, to the extent permitted by law.

### Count V:  Unjust Enrichment

71.    For an alternative cause of action, Mr. Pierce has been unjustly enriched at the expense of Ms. Ghodiwala because Mr. Pierce improperly withdrew approximately $300,000 from Text Surge's business bank account and transferred it to his personal account or the accounts of his personal businesses.

72.    Mr. Pierce received the benefit of the money by unlawfully transferred from Text Surge's business account money that he was not entitled to, at Ms. Ghodiwala's expense.

73.    It would be unjust for Mr. Pierce to retain this benefit because he would be taking at least $300,000 more than his contribution into Azalea.

74.    As a direct and proximate result of Defendant Mr. Pierce's unjust enrichment, Ms. Ghodiwala has suffered damages in the amount of at least $300,000, plus pre- and post-judgment interest, the costs of this suit, and any additional relief that this Court may deem just and appropriate, to the extent permitted by law.

### Prayer

**WHEREFORE**, Ms. Ghodiwala prays a judgment be entered granting the relief to which it is entitled, including but not limited to:

(a) A judgment against Defendant Mr. Pierce for actual and compensatory damages in the amount of no less than $500,000, plus pre- and post-judgment interest, attorneys' fees and the costs of this suit, to the extent permitted by law;

(b) A judgment against Defendant Mr. Pierce for exemplary and punitive damages in the amount of no less than $1,000,000 or an amount to be proven at trial; and

(c) Any such other relief as this Court deems just, proper, and equitable.

## JURY AND TRIAL DEMAND

Plaintiff hereby demand a trial by jury with respect to each claim in this Complaint.

Dated:  February 3, 2025

Respectfully submitted,

**Moore Law PLLC**
Derrick F. Moore (DC Bar #1645015)
1140 3rd St. NE, Suite 200
Washington, DC 20002
Tel: (202) 289-7963
derrick@mooreatty.com

*Counsel for Plaintiff Krishna Ghodiwala*